Filed 12/17/20  One Ford Road Homeowners Assn. v. Johnson CA4/3

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FOURTH APPELLATE DISTRICT

DIVISION THREE

| | |
|---|---|
| ONE FORD ROAD HOMEOWNERS ASSOCIATION,<br><br>    Plaintiff, Cross-defendant and Respondent,<br><br>              v.<br><br>STACIE JOHNSON et al.,<br><br>    Defendants, Cross-complainants and Appellants. | G058269<br><br>(Super. Ct. No. 30-2017-00945540)<br><br>O P I N I O N |

Appeal from a postjudgment order of the Superior Court of Orange County, Kathleen E. Scherger, Temporary Judge.  (Pursuant to Cal. Const., art. VI, § 21.)  Reversed.

Law Office of Philip A. Levy and Philip A. Levy for Defendants, Cross-complainants and Appellants.

Richardson | Ober | DeNichilo, Kelly G. Richardson and Daniel C. Heaton for Plaintiff, Cross-defendant and Respondent.

\*          \*          \*

Stacie Johnson and Lloyd Rucker appeal from a postjudgment order granting the motion of One Ford Road Homeowners Association (the Association) for attorney fees.  Following a bench trial, the trial court found that Johnson and Rucker had

violated the covenants, conditions, and restrictions of One Ford Road, a planned unit development in Newport Beach, and judgment was entered in favor of the Association. The judgment included a decree that the Association is the prevailing party entitled to recover attorney fees pursuant to motion. After entry of judgment, the Association brought a motion to recover attorney fees based on a fee provision in the CC&R's. The trial court granted the motion and awarded the Association $109,760 in attorney fees out of $154,744 requested.

In a related appeal, we are reversing the judgment in favor of the Association with directions to enter judgment in favor of Johnson and Rucker. (*One Ford Road Homeowners Association v. Johnson et al.* (Dec. 17, 2020, G057674) [nonpub. opn.].) An order awarding attorney fees "'falls with a reversal of the judgment on which it is based.'" (*California Grocers Assn. v. Bank of America* (1994) 22 Cal.App.4th 205, 220; see *Ryan v. California Interscholastic Federation-San Diego Section* (2001) 94 Cal.App.4th 1048, 1082 ["Because we reverse the judgment to the extent that Ryan prevailed, we must also reverse the postjudgment order that followed awarding attorney fees and costs to his counsel"].)

We are reversing the judgment, therefore, the order granting the Association's motion for attorney fees is reversed too. Appellants to recover costs on appeal.

FYBEL, J.

WE CONCUR:

MOORE, ACTING P. J.

ARONSON, J.

2